UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| THOMAS LEE WEST, JR.,<br><br>  Petitioner,<br><br>  v.<br><br>MICHAEL MARTEL, Warden,<br><br>  Respondent | NO. ED CV 09-1267 DMG (SS)<br><br>**ORDER ACCEPTING FINDINGS, CONCLUSIONS AND RECOMMENDATIONS OF UNITED STATES MAGISTRATE JUDGE** |

## INTRODUCTION

On July 6, 2009, petitioner, a California state prisoner proceeding pro se, filed a Petition for Writ of Habeas Corpus by a Person in State Custody ("Petition") pursuant to 28 U.S.C. § 2254. On October 8, 2009, respondent filed a Return to the Petition. On January 13, 2010, petitioner filed a Reply to the Return. On October 10, 2012, the United States Magistrate Judge issued a Report and Recommendation ("R&R"), recommending that the action be denied with prejudice. On November 20, 2012, petitioner filed Objections to the R&R ("Objections").

## DISCUSSION

In his Objections, petitioner asserts that his Sixth and Fourteenth Amendment rights were violated because he did not receive adequate notice of the charges against him when he was indicted on nine counts, but convicted on ten counts. (See Objections at 1 & 24-26). The Court disagrees.

The indictment the prosecutor presented to the grand jury charged petitioner with ten counts, including, as pertinent here, count one, which charged petitioner with oral copulation upon a child under 14 years of age by force, violence, duress, menace and fear (Cal. Penal Code ("P.C.") § 269(a)(4)). (See Clerk's Transcript ("CT") at 1). During the grand jury proceedings, the prosecutor asked the grand jury not to return an indictment on count one because the victim "was very clear that the forced oral copulation happened . . . when he was already 14." (Id. at 125 & 138). Nevertheless, the grand jury foreperson signed an indictment charging petitioner with ten counts, including the P.C. § 269(a)(4) count set forth in count one. (See id. at 1-5). The parties then proceeded to try the case on all ten counts,[1] and at the close of evidence, defense counsel, among other things, moved for a judgment of acquittal for insufficient evidence (P.C. § 1118.1) as to the P.C. § 269(a)(4) charge against petitioner in count one. The prosecutor asked the trial court to amend count one to charge petitioner with the lesser included offense of committing a lewd and lascivious act on a child under the age of 14 years old (P.C. § 288(a)) to conform to the evidence presented at trial. (See Reporter's Transcript ("RT") at 653-55). The trial court granted defense counsel's P.C. § 1118.1 motion as to the P.C. § 269(a)(4) charge in count one, granted the prosecutor's request to amend count one, and reduced count one to a charge of violating P.C. § 288(a). (Id. at 655). Petitioner was subsequently convicted on all ten counts, including the P.C. § 288(a) charge set forth in count one. (See CT at 363-73).

Based on these circumstances, and as discussed in the R&R (see R&R at 38-40), petitioner was clearly afforded sufficient notice that he was facing ten criminal counts as well as the nature of the charges against him.[2] See Gautt v. Lewis, 489 F.3d 993, 1004 (9th Cir. 2007), cert. denied,

---

[1] Indeed, defense counsel conceded he had the ten-count indictment, and the trial court stated that the ten-count indictment was the one upon which the parties and the court were proceeding. (RT at 653-54).

[2] Petitioner also appears to object that the trial court constructively amended the indictment in violation of his Fifth Amendment right to a grand jury indictment. (See Objections at 24). The federal courts have held that "[a] constructive amendment [to an indictment] constitutes a violation of one's Fifth Amendment right to presentment or indictment by a grand jury." Gautt v. Lewis, 489 F.3d 993, 1003 n. 10 (9th Cir. 2007), cert. denied, 552 U.S. 1245 (2008); Stirone v. United States, 361 U.S. 212, 215-19, 80 S.Ct. 270, 272-74 (1960). However, "this Fifth Amendment right has **not** been incorporated into the Fourteenth Amendment so as to apply against the states." Gautt, 489

552 U.S. 1245 (2008) (a charging document provides sufficient notice when it "in some appreciable way apprise[s] the defendant of the charges against him so that he may prepare a defense accordingly."); Calderon v. Prunty, 59 F.3d 1005, 1009-10 (9th Cir. 1995) (A "defendant can be adequately notified of the nature and cause of the accusation against him by means other than the charging document[,]" such as by the evidence introduced at trial). Accordingly, petitioner's claim is without merit.

Petitioner's remaining objections are without merit and do not warrant further comment.

## CONCLUSION

Based on the foregoing and pursuant to 28 U.S.C. § 636, the Court has reviewed the Petition, all of the records herein, the Magistrate Judge's Report and Recommendation, and the Objections to the Report and Recommendation ("Objections"). Having made a de novo determination of the portions of the Report and Recommendation to which the Objections were directed, the Court concurs with and accepts the findings and conclusions of the Magistrate Judge. Accordingly, IT IS ORDERED THAT:

1. Judgment shall be entered dismissing the action with prejudice; and
2. The Clerk shall serve copies of this Order and the Judgment herein on the parties.

DATED: March 20, 2013

_____
DOLLY M. GEE
UNITED STATES DISTRICT JUDGE

---

F.3d at 1003 n. 10; Branzburg v. Hayes, 408 U.S. 665, 688 n. 25, 92 S.Ct. 2646, 2660 n. 25 (1972). Therefore, petitioner's Fifth Amendment "constructive amendment [claim] lacks merit." Gautt, 489 F.3d at 1003 n. 10; Matson v. Luna, 269 Fed. Appx. 674, 675 (9th Cir. 2008), cert. denied, 129 S.Ct. 2163 (2009).

3